(Decided 29th March, 1883.)

---

PHILIP M. SNOWDEN *vs.* THE PRESIDENT AND MANA-
GERS OF THE BALTIMORE GENERAL DISPENSARY.

*Jurisdiction in Equity—Act of 1853, ch. 305, giving Fines im-
posed for keeping houses of Ill-fame, to Dispensaries in the
City of Baltimore.*

The Act of 1853, ch. 305, provides, that all fines imposed by the
Criminal Court of Baltimore City on persons convicted of keeping
houses of ill-fame, shall be divided equally between such dispen-
saries of said city as shall have had under their charge during the
year preceding, at least fifteen hundred patients. On demurrer,
for want of jurisdiction, to a bill filed by a Dispensary in the
City of Baltimore against a former sheriff, for a discovery and
payment into Court of the sums collected by him from fines im-
posed under said Act, in order that the same might be distributed
among the several Dispensaries entitled to the fund, it was HELD:

That the complainant was entitled to the relief prayed for, and the
demurrer to the bill was properly overruled by the Court below.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Wm. M. Busey,* for the appellant.

*George M. Sharp,* and *Edward Otis Hinkley,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The Act of 1853, chap. 305, provides that all fines imposed by the Criminal Court of Baltimore City, on persons convicted of keeping houses of ill-fame, shall be divided equally between such Dispensaries of said city as shall have had under their charge during the year preceding, at least fifteen hundred patients.

This bill is filed by the appellee in its own behalf, and in behalf of all other Dispensaries, to compel the appellant, formerly the sheriff of said city, to discover and pay into Court the sums of money collected by him from fines imposed under the Act, in order that the same may be distributed among the several Dispensaries entitled to the fund.

Instead, however, of bringing the money into Court, or tendering himself ready to pay the same, the appellant meets the allegations in the bill by a demurrer to the jurisdiction of the Court, and insists that the remedy of the appellee, if any, is by an action at law against him or his bond.

Where a party has a *certain, complete,* and adequate remedy at law, he cannot, it is true, sue in equity, but it is plain the remedy at law in this case is not as certain and complete as the remedy in equity.

The share to which each Dispensary is entitled, depends, in the first place, upon the sum or sums which the appellant, as sheriff, has, or ought to have collected; and in the next, upon the number of Dispensaries having under their "charge during the year preceding, at least fifteen hundred patients."

Then again, at law, each Dispensary would be obliged to sue separately, and in the one case the proof may show the defendant has, or ought to have, collected in the aggregate a certain sum, and in another that he has collected a greater or less amount. Besides, in one case it may appear that a certain number of Dispensaries are entitled to the benefit of the Act, and in another that a greater or less number are entitled. The result would be a multiplicity of actions, and expensive and vexatious litigations, with different judgments, each varying in amount, and this too in the face of the Act of 1853, which provides that the fund shall be distributed equally among the several Dispensaries entitled.

In an action at law the amount of fines imposed may, it is true, be ascertained from the records of the Criminal Court, but this would entail upon the litigants heavy, and it may be, unnecessary costs; and besides, the inquiry would be still open as to the solvency or insolvency of the parties fined, and the actual amount which defendant has, or ought to have, collected.

By a bill in equity, with a prayer for discovery, all this may be avoided, and the rights of all concerned may be finally settled in one litigation.

There is no difficulty, under the Act of 1853, in regard to the collection and distribution of the money arising from the fines imposed by the Court. The law makes it the duty of the sheriff to collect all fines, and if he has any doubts in regard to the number of beneficiaries entitled, a Court of equity is always open to aid and protect him in the distribution of the fund.

We are of opinion that the appellee is entitled to the relief prayed, and the demurrer to the bill was, therefore,. properly overruled.

*Order affirmed, and*
*cause remanded.*

(Decided 29th March, 1883.)